JEFFREY S. BENICE, ESQ., State Bar No. 81583
BENICE LAW
*A Professional Law Corporation*
3080 Bristol Street
Sixth Floor, Suite 630
Costa Mesa, California 92626
Telephone No.: (714) 641-3600
Facsimile No.: (714) 641-3604
Website: www.JeffreyBenice.com
E-Mail: JSB@JeffreyBenice.com

*Counsel for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA RIVAS, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> PHYSICIAN LABORATORIES, INC., an Arizona corporation; MDX LOGISTICS, a Michigan corporation; SEBAPHARMA GmbH & CO. KG, a corporation organized under the laws of Germany; CVS HEALTH CORP., a Delaware corporation; COSTCO WHOLESALE CORPORATION, a Washington corporation; RITE AID CORPORATION, a Delaware corporation; THE KROGER CO., a Ohio corporation; iHERB, INC. a California corporation; BED BATH & BEYOND; a New York corporation; VITACOST, a Delaware corporation; ALEX FAZELI, an individual; MONROE FAZELI, an individual; and DOES 1 through 100, <br><br> Defendants. | CASE NO.:8:18-cv-00729 DOC (AGRx) <br><br> **PLAINTIFF MELISSA RIVAS' OPPOSITION TO MOTION OF DEFENDANTS MDX LOGISTICS, INC., CVS HEALTH CORP., RITE AID CORP., THE KROGER CO., IHERB, INC., BED BATH & BEYOND, AND VITACOST'S MOTION TO DISMISS AND STRIKE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b) and 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.** <br><br> **Date:** July 16, 2018 <br> **Time:** 8:30 a.m. <br> **Courtroom:** 9D <br><br> **Complaint Filed:** March 9, 2018 |

Plaintiff Melissa Rivas ("*Plaintiff*"), on behalf of herself and the Proposed Class ("*Class*"), submits this Opposition to the Motion to Dismiss and Strike Complaint filed by Defendants MDX Logistics, Inc., CVS Health Corp., The Kroger Co., iHerb, Inc., Bed Bath & Beyond, and Vitacost. The Motion should be denied for, without limitation, the reasons set forth in the attached Memorandum of Points and Authorities. The Opposition will also be based, without limitation, upon the pleadings and papers filed by Plaintiff in this action, and upon any oral argument made on behalf of Plaintiff.

JEFFREY S. BENICE, ESQ. OF BENICE LAW

*A Professional Law Corporation*

Dated: June 22, 2018

/s/ Jeffrey S. Benice
Jeffrey S. Benice, Esq.
Attorney for Plaintiff Melissa Rivas
and the Proposed Class

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.

## PLAINTIFF'S ARTICLE III STANDING
## TO BRING THE ACTION

Plaintiff concedes that she does not have Article III standing as to the Defendant Retailers she did not personally purchase Sebamed products from: CVS, Kroger, iHerb, Bed Bath & Beyond and Vitacost.

However, Defendant MDX's status in the action is materially different than the identified Retailer Defendants. Defendant MDX is an affiliate of Defendant Physician and controlled by Defendant Fazeli, Defendant Physician's principal.

As the complaint alleges:

> "4. The lab results unequivocally demonstrate that Defendants Sebapharma's and Physician's labeling and marketing representations are false and fraudulent; the Sebamed Products are not "exactly 5.5 pH" as represented. On information and belief, Defendant Physician through its principal, **Defendant Fazeli, knowingly and intentionally authorized the false labeling and marketing of Sebamed Products in California and throughout the United States to deceive the public into believing the use of Sebamed Products will create "healthy skin" by having "exactly" a 5.5 PH. Defendants' intent is to falsely and fraudulently deceive the consumers and to reap millions of dollars in fraudulently procured funds. Defendant M. Fazeli knowingly aided and abetted Defendants Physician and Fazeli in the fraudulent scheme."**
>
> . . .
>
> "11. Defendant Fazeli is an individual, and is and was, at all

*times alleged herein, a resident of Orange County, California. Defendant Fazeli is the controlling principal of Defendants Physician and MDX. Defendant Fazeli authorized and directed the wrongful conduct alleged herein.* [Emphasis Added.]

12. *Defendant M. Fazeli is an individual, and is and was, at all times alleged herein, a resident of Orange County, California. Defendant Fazeli is the principal of Defendant MDX. Defendant Fazeli aided and abetted Defendant Fazeli and Defendant Physician and the other Defendants; and authorized and directed the wrongful conduct alleged herein."*

. . .

*"14. Defendant MDX, is and was at all times alleged herein, a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Orange County, California marketing Sebamed Products in the State of California and throughout the United States."*

Thus, Defendant MDX's liability arises from its active and direct participation in the false labeling scheme as directed by Defendants' Fazeli and Physicians.

### 2.
### PLAINTIFF'S CLAIMS AGAINST DEFENDANTS MDX AND THE RETAILER DEFENDANTS ARE PROPERLY STATED UNDER COUNTS I, II, III, IV AND VI

The Retailer Defendants and MDX's claim that the complaint fails to allege sufficient allegations concerning whether they *"made, adopted or controlled representations that Plaintiff heard or saw prior to purchasing the products."* [Motion at 6: lns. 10-12.] Untrue. The complaint specifically alleges each Defendant's active involvement in selling the deceptively labeled Sebamed products:

> "5. ... The Defendant Retailers at all times alleged herein fully endorsed the Sebamed Products as labeled and marketed; and provided Defendant Sebapharma and Physician with special in store marketing promotions and advertising to enhance the sale of the fraudulent Sebamed Products to unknowing consumers."
> [Compl. ¶5.]

The Retailer Defendants rely upon <u>In re Hydroxycut Mktg & Sales Practices Litig.</u>, 299 F.R.D. 648, 656 (S.D. Cal. 2014) to support this contention of nonliability. There certain Retailer Defendants moved for dismissal of the Plaintiff's claims that they made various misrepresentations concerning Hydroxycut products pursuant to Rule 9(b). The district court ruled that the second amended complaint failed *inter alia* to specify whether "*plaintiff saw/heard any representations made or adopted by the Retailer Defendants...*" <u>Id</u>. at 656.

However, the district court further specifically noted that:

> "*To the extent the Retailer Defendants issued their own advertisements, they could be held liable for misrepresentations therein. Also, to the extent Retailer Defendants displayed Hydroxycut signage or other promotional materials, other than the product and product packaging itself, the Retailer Defendants arguably controlled the advertising and adopted the statements made therein.*" [And the court denied the Defendant Retailers motion to dismiss - instead ordering Plaintiffs to file a more definite statement.]

The complaint alleges those exact circumstances giving rise to liability; "*The Defendant Retailers at all time alleged herein fully endorsed Sebamed Products as labeled and marketed; and provides Defendant Sebapharma and Physician with*

*special in store marketing promotions and advertising to enhance the sale of the fraudulent Sebamed Products to unknowing consumers.*" [Compl., ¶5: lns. 19-22.] These allegations establish that the Retailer Defendants "*made, adopted, or controlled representations that Plaintiff heard or saw prior to purchasing the products.*" Smery v. Lisa International Service Association, 95 Cal.App.4th 952, 960 (2002).

Additionally, Plaintiff properly alleges claims for negligent misrepresentation and false representation against Defendants MDX and the Defendant Retailers. "*Negligent misrepresentation is a separate and distinct tort, a species of the tort of deceit. When the Defendant makes false statements, honestly believing that they are true, but without reasonable ground for such belief, he may be liable for negligent misrepresentation...*" Bily v. Arthur Yang & Co., 3 Cal.4th 370, 407-408 (1992). Plaintiff's complaint properly alleges facts establishing these elements. [Compl.¶¶41-46.]

Similarly, Plaintiff has properly alleged the elements of fraud: "*(a) misrepresentation...: (b) knowledge of falsity...: (c) intent to defraud, i.e., to induce reliance: (d) justifiable reliance; and (e) resulting damage.*" Engalla v. Permanente Medical Group, Inc., 15 Cal.4th 951, 974 (1997). [Compl., ¶¶72-77.]

### 3.
### CONCLUSION

For the reasons set forth herein, the Defendant Retailers' and MDX Motion to dismiss should be denied, except as noted.

JEFFREY S. BENICE, ESQ. OF BENICE LAW
*A Professional Law Corporation*

Dated: June 25, 2018   /s/ Jeffrey S. Benice
Jeffrey S. Benice, Esq.
Attorney for Plaintiff Melissa Rivas
and the Proposed Class

---

PLAINTIFF'S OPPOSITION TO RETAILER DEFENDANTS'
MOTION TO DISMISS AND STRIKE COMPLAINT
3

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

JEFFREY S. BENICE, ESQ. OF BENICE LAW
*A Professional Law Corporation*

Dated: June 22, 2018        /s/ Jeffrey S. Benice

Jeffrey S. Benice, Esq.
Attorney for Plaintiff Melissa Rivas
and the Proposed Class

---

PLAINTIFF'S OPPOSITION TO RETAILER DEFENDANTS'
MOTION TO DISMISS AND STRIKE COMPLAINT