William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
Megan O'Neill (Bar No. 220147)
moneill@willenken.com
Justin T. Goodwin (Bar No. 278721)
jgoodwin@willenken.com
WILLENKEN WILSON LOH & DELGADO LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Attorneys for Defendants
PHYSICIAN LABORATORIES, INC., MDX LOGISTICS, INC., COSTCO WHOLESALE CORP., RITE AID CORP., ALEX FAZELI, and MONROE FAZELI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MELISSA RIVAS, on behalf of herself and all others similarly situated,

Plaintiffs,

v.

PHYSICIAN LABORATORIES, INC., an Arizona corporation; MDX LOGISTICS, Michigan corporation; SEBAPHARMA GmbH & CO, KG, a corporation organized under the laws of Germany; COSTCO WHOLESALE CORPORATION, a Washington corporation; RITE AID CORPORATION, a Delaware corporation; ALEX FAZELI, an individual; MONROE FAZELI, an individual; and DOES 1 through 100,

Defendants.

Case No.: 8:18-cv-00729-DOC-AGR

**DEFENDANTS MDX LOGISTICS, INC., COSTCO WHOLESALE CORP., AND RITE AID CORP.'S, NOTICE OF MOTION AND MOTION TO DISMISS; NOTICE OF JOINDER AND JOINDER IN MOTION TO DISMISS AND STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES**

Date: August 20, 2018
Time: 8:30 a.m.
Place: Courtroom 9D

Assigned to the Hon. David O. Carter

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 20, 2018, or as soon thereafter as the matter may be heard, in Courtroom 9D of the United States District Court, Central District of California, located at 411 West Fourth Street, Santa Ana, CA 92701, before the Honorable David O. Carter, Defendants MDX Logistics, Inc., Costco Wholesale Corp., and Rite Aid Corp. ("MDX and the Retailer Defendants") will and hereby do join in the Motion to Dismiss and Strike, filed by Defendants Physician Laboratories, Inc., Alex Fazeli, and Monroe Fazeli, on the ground that the First Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), MDX and the Retailer Defendants hereby move jointly (the "Motion") for an order dismissing Plaintiff's claims on the independent ground that the First Amended Complaint fails to state a claim for which relief may be granted against MDX and the Retailer Defendants as to Plaintiff's claims for (1) violation of the Consumer Legal Remedies Act, (2) negligent misrepresentation, (3) violation of the false advertising law, (4) unlawful, fraudulent, and unfair business practices, and (5) intentional misrepresentation.

This Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Motion to Dismiss and Strike filed by Defendants Physician Laboratories, Inc., Alex Fazeli, and Monroe Fazeli and all documents accompanying that motion, the complete files and records in this action, any matters of which the Court may take judicial notice, and such other matters as the Court deems necessary and proper to adjudicate this Motion to Dismiss.

/ / /

/ / /

/ / /

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on July 3, 2018.

Respectfully submitted,

Dated: July 6, 2018

WILLENKEN WILSON LOH & DELGADO LLP

By: */s/ William A. Delgado*
William A. Delgado
Attorneys for Defendants
PHYSICIAN LABORATORIES, INC., MDX LOGISTICS, INC., COSTCO WHOLESALE CORP., RITE AID CORP., ALEX FAZELI, and MONROE FAZELI

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Costco Wholesale Corp. and Rite Aid Corp. (together, the "Retailer Defendants"), and MDX Logistics, Inc. ("MDX"), incorporate and join the motion to dismiss and strike filed by Defendants Physician Laboratories, Inc., Alex Fazeli, and Monroe Fazeli (the "Fazeli Motion"), and, on that basis, request that the First Amended Complaint ("Complaint") be dismissed in its entirety without leave to amend.

In addition, MDX and the Retailer Defendants move to dismiss Plaintiff's claims on a separate and independent ground. In short, the Court must dismiss Plaintiff's claims brought under the Consumer Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), and Unfair Competition Law ("UCL"), as well as her claims of negligent and intentional misrepresentation, because her Complaint fails to allege that either MDX or the Retailer Defendants made any false or misleading statements. The law is clear that merely selling products that contain a manufacturer's allegedly false or deceptive labeling, without more, is not unlawful.

## I. ARGUMENT

### A. Legal Standard

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiency of the claims in the complaint. Fed. R. Civ. P. 12(b)(6). "Dismissal is proper where there is a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Houston v. Medtronic, Inc.*, 957 F. Supp. 2d 1166, 1172 (C.D. Cal. 2013) (citations omitted). "To survive a motion to dismiss, a complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard requires more than the sheer possibility or conceivability that a defendant has acted unlawfully." *Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). Rather, where "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

possibility and plausibility of entitlement to relief." *Ashcroft*, 556 U.S. at 678–79. "A complaint that offers mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotation marks omitted); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

Because Plaintiff's CLRA, FAL, UCL, and tort claims are all rooted in the same theory of fraudulent concealment and misrepresentation, they all must satisfy Rule 9(b)'s heightened pleading requirements. *See Davidson v. Kimberly-Clark Corp.*, 2018 WL 2169784, at *5 (9th Cir. May 9, 2018) (applying Rule 9(b) standard to UCL, FAL, and CLRA claims); *Puri v. Khalsa*, 674 F. App'x 679, 689 (9th Cir. 2017) (applying Rule 9(b) standard to negligent misrepresentation claim); *Noll v. eBay, Inc.*, 282 F.R.D. 462, 468 (N.D. Cal. 2012) (applying Rule 9(b) standard to UCL, FAL, CLRA, and common law fraud claims). Rule 9(b) requires a plaintiff to plead the "who, what, when, where, and how" of the alleged misconduct. *Rubenstein v. Neiman Marcus Grp. LLC*, 687 F. App'x 564, 567 (9th Cir. 2017). In other words, a complaint's "factual allegations must include 'the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Davies v. Broadcom Corp.*, 130 F.Supp.3d 1343, 1351 (C.D. Cal. 2015) (quoting *Swartz v. KPMG, LLC*, 476 F.3d 756, 764 (9th Cir. 2007)). Rule 9(b) also "requires plaintiffs to differentiate their allegations when suing more than one defendant," and "a plaintiff must, at a minimum identify the role of each defendant in the alleged fraudulent scheme." *United States v. Corinthian Colleges*, 655 F.3d 984, 997–98 (9th Cir. 2011) (quoting *Swartz*, 476 F.3d at 764–65).

/ / /

/ / /

**B. Plaintiff Has Failed to State a Claim for Relief Against MDX and the Retailer Defendants Under Counts I, II, III, IV, and VI.**

Plaintiff's claims under the California consumer protection statutes and her claims for negligent and intentional misrepresentation must be dismissed because the Complaint fails to allege that either the Retailer Defendants or MDX made ***any*** representations, much less false or misleading ones.

**1. Plaintiff's claims under California's consumer protection statutes fail because Plaintiff has not alleged that MDX or the Retailer Defendants made false or misleading representations.**

There is no vicarious liability in false advertising actions. *See, e.g.*, *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 808 (9th Cir. 2007) ("[A]n unfair practices claim under [the UCL and California's false advertising laws] cannot be predicated on vicarious liability"); *Yordy v. Plimus, Inc.*, 2012 WL 2196128, at *5 (N.D. Cal. June 14, 2012) (noting "principle barring vicarious liability under the CLRA"). Rather, a "defendant's liability must be based on his 'personal participation in the unlawful practices' and 'unbridled control' over" the deceptive representations. *Emery v. Visa Int'l Serv. Assn., et al.*, 95 Cal. App. 4th 952, 960 (2002); *Perez v. Monster Inc.*, 149 F. Supp. 3d 1176, 1187 (N.D. Cal. 2016) ("[U]nder the CLRA, a defendant's liability must be based upon participation or control in the alleged unlawful advertising scheme.").

Accordingly, a retailer does not incur liability merely by selling a product that contains a manufacturer's false or deceptive labeling. *In re Hydroxycut Mktg. & Sales Practices Litig.*, 299 F.R.D. 648, 656-57 (S.D. Cal. 2014) ("Holding retailers liable for all statements made on products that they sell would impose the type of secondary liability that has been rejected by courts."); *see also Perez*, 149 F. Supp. 3d at 1146 (rejecting argument that "Best Buy is liable simply because it sells Monster's HDMI cables" that allegedly contain deceptive labeling). Instead, a

plaintiff "must allege that each Retailer Defendant made, adopted, or controlled representations that Plaintiffs heard or saw prior to purchasing the products." *Hydroxycut*, 299 F.R.D. at 656; *see also id.* (holding that a retailer is not "deemed to have adopted all representations made by the manufacturer about the product").

Plaintiff has alleged no such conduct here.

*a. The Complaint fails to allege any facts establishing that MDX made or controlled false or misleading representations.*

The Complaint contains just a single factual allegation concerning MDX: it "market[s] Sebamed Products in the State of California and throughout the United States." Compl. ¶ 15. This lone allegation falls well short of Rule 8's general pleading requirements, much less Rule 9(b)'s requirement that "factual allegations . . . include 'the time, place, and specific content of the false representations.'" *Davies*, 130 F. Supp. 3d at 1351 (quoting *Swartz*, 476 F.3d at 764). Plaintiff fails to allege what MDX says in its advertising of Sebamed Products whether it makes representations that are false or misleading, why the representations are false or misleading, whether Plaintiff saw such representations prior to purchasing a Sebamed Product, when she saw the representations, or where she saw them. Plaintiff has thus failed to state a claim against MDX under California's false advertising and consumer protection laws. *See, e.g.*, *Hydroxycut*, 299 F.R.D. at 656 (dismissing false advertising claims because complaint failed to "specify what advertisement [plaintiffs] saw or where they saw it"); *Perez*, 149 F. Supp. 3d at 1186 (dismissing false advertising claims because there were "no factual allegations indicating . . . *what* [defendant] says in its advertisements or promotions about" the product).

/ / /

/ / /

/ / /

*b. The Complaint fails to allege any facts establishing that the Retailer Defendants made or controlled false or misleading representations.*

Likewise, the Complaint contains only three factual allegations that purport to connect the Retailer Defendants to the challenged representations. First, Plaintiff alleges that she "purchased one or more Sebamed Products" from "Defendants Costco and Rite Aid in reliance on Defendant SebaPharma's and Physician's false representations and promises[.]" Compl. ¶ 8. But merely selling a product that contains misleading labeling does not create liability. *Perez*, 149 F. Supp. 3d at 1146. To hold otherwise would be to require a retailer to police the accuracy of every statement that appears on every single one of the thousands of products it sells in its stores. That is not the law. *See, e.g.*, *Emery*, 95 Cal. App. 4th at 964 ("There is no duty to investigate the truth of statements made by others.") Indeed, the very allegation Plaintiff included in her Amended Complaint in an attempt to tie the advertising to the Retail Defendants demonstrates she purchased the products in reliance on SebaPharma and Physician Laboratories' representations, *not* those of the Retailer Defendants. *See* Compl. ¶ 8 (alleging Plaintiff purchased product "in reliance on Defendant SebaPharma's and Physician's false representations and promises").

Second, Plaintiff alleges the Retailer Defendants participated in "Road Shows" and other in-store events in which they provided Defendant Physician Laboratories with a "prominent location[,] . . . known to have substantial customer traffic[,] to set up a display" that was "stocked with falsely labeled Sebamed Products." Compl. ¶ 6. But this allegation too falls fall short of establishing that "each Retailer Defendant made, adopted, or controlled representations that Plaintiffs heard or saw prior to purchasing the products." *Hydroxycut*, 299 F.R.D. at 656. Crucially, Plaintiff does not allege that the Retailers made any false or misleading representations, whether during the road shows or otherwise. In fact,

according to Plaintiff's own allegations, the only false representations at the in-store events consisted of the allegedly "falsely labeled Sebamed Products" themselves. Compl. 6. As discussed above, merely selling a product that contains false labeling does not create liability. *Perez*, 149 F. Supp. 3d at 1146. And it cannot be the case that selling a product in the center of a store is unlawful, but selling the same product elsewhere in the store is not.

Moreover, even if Plaintiff had alleged the Retailer Defendants made false representations at in-store events (she did not), she fails to allege she observed such representations before purchasing a Sebamed product. *See* Compl. ¶ 6. Indeed, she does not even allege she ever witnessed one of the road shows or in-store events. Plaintiff's allegations are remarkably similar to those which the court rejected in *Hydroxycut*. There, the plaintiffs alleged that "the Retailer Defendants would promote Hydroxycut through their own advertisements and/or would agree to give marketing support such as product displays, in-store flyers, and window signage." 299 F.R.D. at 656. The court dismissed the false advertising claims because the complaint failed to "specify what advertisement [plaintiffs] saw or where they saw it." *Id*. at 656–57. Plaintiff's claims against the Retailer Defendants here fail for the same reason.

Third, Plaintiff vaguely alleges that the "Retail Defendants actively participated in the fraudulent labeling scheme" and "made, adopted or controlled the false representations that Plaintiff heard or saw prior to purchasing the falsely labeled products." Compl. ¶ 9. The Court should not "accept as true" these conclusory "labels and conclusions," which lack any supporting factual detail. *Sprewell*, 266 F.3d at 988; *see also Twombly*, 550 U.S. at 556. Moreover, these conclusory allegations come nowhere near satisfying the Rule 9(b) requirement to allege "the time, place, and specific content of the false representations." *Davies*, 130 F. Supp. 3d at 1351; *see also Perez*, 149 F. Supp. 3d at 1186 (dismissing false advertising claims against retailer because there were "no factual allegations

indicating *how* Best Buy affirms or authorizes Monster's alleged misrepresentations" or "*what* Best Buy says in its advertisements or promotions about Monster HDMI cables").

Nor are Plaintiff's claims saved by the handful of allegations in the Complaint that refer to "Defendants" generally. *See, e.g.*, Compl. ¶ 5 (referencing the "Defendants' marketing"). Rule 9(b) "requires plaintiffs to differentiate their allegations" and "at a minimum identify the role of each defendant in the alleged fraudulent scheme." *Corinthian Colleges*, 655 F.3d at 997–98. Plaintiff has not done so here. Because Plaintiff has not alleged that MDX or the Retailer Defendants "personal[ly] participat[ed]" in and exercised "unbridled control" over any misrepresentation alleged in the Complaint, the UCL, FAL, and CLRA claims must be dismissed. *Emery*, 95 Cal. App. 4th at 960.

**2. Plaintiff's tort claims fail for the same reason.**

Plaintiff's claims of negligent misrepresentation and false representation fail for the same reasons. Both causes of action require a plaintiff to allege, among other things, facts establishing the defendant made a misrepresentation. *See Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 974 (1997) (listing elements of false representation); *B.L.M. v. Sabo & Deitsch*, 55 Cal. App. 4th 823, 834 (1997) (listing elements of negligent misrepresentation). As discussed above, Plaintiff has not alleged that MDX or either of the Retailer Defendants made a misrepresentation of any kind. Plaintiff's false representation claim also fails because Plaintiff has pleaded no facts establishing that MDX or the Retailer Defendants had knowledge of the falsity of any statement. *See, e.g.*, *McVicar v. Goodman Glob., Inc.*, 2014 WL 12573991, at *13 (C.D. Cal. Aug. 6, 2014) ("Because the allegations fail to adequately plead Goodman's knowledge that its actionable misrepresentations and omissions were false at the time of sale, those claims cannot survive.").

/ / /

## II. **CONCLUSION**

For the reasons set forth here and in the Motion to Dismiss and Strike filed by Defendants Physician Laboratories, Inc., Alex Fazeli, and Monroe Fazeli, the Court should dismiss the First Amended Complaint without leave to amend.

Respectfully submitted,

Dated: July 6, 2018

WILLENKEN WILSON LOH & DELGADO LLP

By: */s/ William A. Delgado*
William A. Delgado
Attorneys for Defendants
PHYSICIAN LABORATORIES, INC., MDX LOGISTICS, INC., COSTCO WHOLESALE CORP., RITE AID CORP., ALEX FAZELI, and MONROE FAZELI

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this case.

Dated: July 6, 2018

WILLENKEN WILSON LOH & DELGADO LLP

By: */s/ William A. Delgado*
    William A. Delgado
    Attorneys for Defendants
    PHYSICIAN LABORATORIES, INC., MDX LOGISTICS, INC., COSTCO WHOLESALE CORP., RITE AID CORP., ALEX FAZELI, and MONROE FAZELI